# REESE LLP

**Via ECF**  December 16, 2015
Honorable Roanne L. Mann
United States District Magistrate
United States District Court
  for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Frohberg et al. v. Cumberland Packing Corp.*,
              No. 14-00748-KAM-RLM (E.D.N.Y.)

Dear Judge Mann:

      My firm, along with co-counsel Halunen Law, represent Plaintiffs in the above-referenced action. I make this submission in response to Your Honor's order dated December 15, 2015 (Dkt. 52)("Order") requesting "why the deadline for class members to file a claim should not be the same date as the deadline for them to object or opt out, and 2) why that deadline should not fall well in advance of the scheduled fairness hearing." Counsel for Defendant Cumberland Packing Corp., Richard Spirra, has reviewed this submission and agrees with its content and the relief it seeks.

      It is common practice in the class action context for the submission deadline for a claim form by a class member to be after the hearing for final approval. Indeed, in cases similar to this action that also involve sugar substitute sweeteners, courts routinely have granted preliminary and final approval of class action settlements where the claims deadline is after the final approval hearing. *See e.g.*, *Howerton v. Cargill, Inc.*, Case No. 13-cv-00336-LEK-BMK (D. Hawaii)(granting final approval of class settlement involving stevia based Truvia sweetener where claims deadline was after final approval hearing date); *Angel Aguiar v. Merisant Company and Whole Earth Sweetener Company LLC*, Case No. 14-cv-00670-RGK-AGR (C.D. Cal.)(granting final approval of class settlement involving stevia based Purevia sweetener where claims deadline was after final approval hearing date).

      Moreover, extending the claim period beyond the date of the final approval hearing is a direct benefit to class members as it gives them a larger window in which to submit their claims. This benefit was part and parcel of the settlement negotiations in this case. A shorter period of time—*i.e.* a claims period that has a deadline before the final approval hearing—would be to the detriment to class members as it would give them a shorter period of time in which to submit a claim.

      Additionally, there is neither any legal prohibition nor any practical requirement that dictates that the claims deadline be before the final approval hearing. With respect to the date for exclusion, however, the deadline for submission must be before the final approval hearing so that the exclusions can be part of any order granting final approval (which typically contains an exhibit listing those persons who have excluded themselves and are, therefore, not bound by the

final order and judgment). With respect to any objections, the deadline must be before the final approval hearing so that those objectors can be heard and their objections considered at the final approval hearing.

Furthermore, there is a practical consideration why the claims period should be after the final approval hearing. It would be inefficient to request that class members fill out and submit a claim form unless and until the court has made a final determination to approve the settlement. *See e.g.* http://www.ncaa-ea-likeness-settlement.com/ (court extending claims period to a date after the final approval hearing in the matter of *Keller v. National Collegiate Athletic Assoc. et al.*, 09-cv-1967 CW (N.D. Cal.)). Indeed, in some instances, ***the claim period deadline is not established nor is the claim form even available to class members until the final approval order has been entered*** and withstood any appeals. *See e.g.*, *https://www.paymentcardsettlement.com/en* (claims period to be scheduled after appeal of final approval of class action settlement order determined in the matter of *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.* 05-MD-1720 (JG) (JO) (E.D.N.Y.)).

Finally, it is commonplace for an order granting final approval of a class action settlement to be reported in the press, which, in turn, generates more claims to the settlement. *See e.g.* http://www.foodlitigationnews.com/2014/12/truvia-natural-class-action-settlement-approved/ (press regarding final approval of Truvia settlement).

Accordingly, for the reasons stated above and in the Parties' previous submissions to Your Honor, the Parties hereby respectfully request that the Court enter an Order granting preliminary approval to the settlement and retaining April 6, 2016 as the date for the Final Approval Hearing.

Respectfully submitted,

Michael R. Reese

cc: All Counsel of Record