UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LESLIE FROHBERG and NANCY HARDING, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CUMBERLAND PACKING CORP.,<br><br>Defendant. | Case No. 1:14-00748-KAM-RLM<br><br>[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT |

WHEREAS, the parties in the action entitled, *Frohberg, et al. v. Cumberland Packing Corp.*, No. 1:14-00748-KAM-RLM, have entered into a Class Action Settlement Agreement, filed October 9, 2015, [1] (hereinafter "Settlement Agreement" or "Settlement") after arm's-length settlement discussions;

WHEREAS, the Court has received and considered the Settlement, including the accompanying exhibits;

WHEREAS, the Parties have moved for preliminary approval of the Settlement and for dismissal of this Action with prejudice upon the terms and conditions set forth in the Settlement Agreement;

WHEREAS, the Court has reviewed the Parties' motion, and has found good cause for preliminary approval of the Settlement;

NOW, THEREFORE, IT IS HEREBY ORDERED:

### A. The Settlement Class Is Conditionally Certified

1. Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, the Court hereby certifies the following Class:

> All persons who, during the Class Period, both resided in the United States and purchased in the United States any of the Stevia in the Raw Consumer Products for their household use or personal consumption and not for resale or distribution. Excluded from the Settlement Class are: (a) Defendant's board members, executive-level officers, and attorneys; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court staff; and (d) any person that timely and properly excludes himself or herself from the Settlement Class in accordance with the procedures the Court will approve.

2. With respect to the Class and for settlement purposes only, the Court preliminarily finds the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been met, including: (a) numerosity; (b) commonality; (c) typicality; (d)

---

[1] All capitalized terms herein shall have the same meanings as set forth in the Class Action Settlement Agreement unless otherwise specifically defined.

adequacy of the Class representatives and Class Counsel; (e) predominance of common questions of fact and law among the Class for purposes of Settlement; and (f) superiority.

3. Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, the Court hereby appoints Plaintiffs Leslie Frohberg and Nancy Harding the Class representatives.

4. Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court hereby appoints, for settlement purposes only, the law firms of Halunen Law and Reese LLP as Class Counsel.

### B. The Settlement Is Preliminarily Approved and Final Approval Schedule Set

5. The Court hereby preliminarily approves the Settlement Agreement and the terms and conditions set forth therein, subject to further consideration at the Final Approval Hearing described below.

6. The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement, and hereby finds that it falls within the range of reasonableness meriting possible final approval. The Court therefore preliminarily approves the Settlement.

7. Pursuant to Federal Rule of Civil Procedure 23(e), the Court will hold a Final Approval Hearing on April 6, 2016, at 2:00 p.m., in the Courtroom of the Honorable Roanne L. Mann, United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, 11201, for the following purposes:

   a. to finally determine whether the Class meets all applicable requirements of Federal Rule of Civil Procedure 23 and, thus, should be certified for purposes of effectuating the Settlement;

    b. to determine whether the proposed Settlement is fair, reasonable, and adequate and should be finally approved by the Court;

    c. to consider the application of Class Counsel for an award of Attorneys' Fees and Expenses, as provided for under the Settlement Agreement;

    d. to consider the applications of Plaintiffs for Class representative incentive awards, as provided for under the Settlement Agreement;

    e. to consider whether the release of the Released Claims as set forth in the Settlement Agreement should be provided; and

    f. to rule upon such other matters as the Court may deem just and appropriate.

8. The Court may adjourn the Final Approval Hearing and later reconvene such hearing without further notice to Settlement Class Members, *but only if there is a compelling need to do so.*

9. The Parties may further modify the Settlement Agreement before the Final Approval Hearing so long as such modifications do not materially change the terms of the Settlement. The Court may approve the Settlement Agreement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Settlement Class Members.

### C. The Court Approves the Form and Method of Class Notice *with the modification discussed w. the counsel,*

10. **Class Notice.** The proposed Class Notice, Summary Settlement Notice, and the notice methodology described in the Settlement Agreement and in the Affidavit of the Notice Administrator are hereby approved.

    a. Pursuant to the Settlement Agreement, the Court appoints Dahl Administration, LLC, as the Notice Administrator and Settlement Administrator to help implement the terms of the Settlement Agreement.

4

b. No later than five (5) days after entry of the Preliminary Approval Order, the Notice Administrator shall establish an Internet website that will inform Settlement Class Members of the terms of the Settlement Agreement, their rights, dates and deadlines, and related information. The website shall include, in Portable Document Format ("PDF"), materials agreed upon by the Parties and as further ordered by this Court.

c. No later than five (5) days after entry of the Preliminary Approval Order, the Notice Administrator shall establish a toll-free telephone number that will provide Settlement-related information to Settlement Class Members.

d. Beginning no later than twenty-one (21) days after entry of the Preliminary Approval Order, and subject to the requirements of the Preliminary Approval Order, the Settlement Agreement, and the Affidavit of the Notice Administrator, the Notice Administrator shall commence sending the Class Notice by U.S. mail to each reasonably identifiable Settlement Class Member's last known address. Cumberland shall provide the Notice Administrator with all reasonably obtainable addresses no later than ten (10) business day after entry of the Preliminary Approval Order, subject to the existence of such information. The Notice Administrator shall: (a) re-mail any Class Notices returned by the U.S. Postal Service with a forwarding address within ten (10) days of receipt of the returned Class Notices, and (b) by itself, or using one or more address research firms, research any such returned mail for better addresses and promptly mail copies of the Class Notices to the addresses so found, as soon as practicable following receipt of any returned Class Notices that do not include a forwarding address.

e. The Notice Administrator shall publish the Summary Settlement Notice as described in the Affidavit of the Notice Administrator.

5

    f.  The Notice Administrator shall timely disseminate any remaining notice, as stated in the Settlement Agreement and/or the Affidavit of the Notice Administrator.

    g.  No later than March 25, 2016, the Notice Administrator shall file with the Court: (a) a list of those persons who have opted out or excluded themselves from the Settlement; (b) the details outlining the scope, methods, and results of the notice program; and (c) compliance with the obligation to give notice to each appropriate State and Federal official, as specified in 28 U.S.C. § 1715, and any other applicable statute, law, or rule, including, but not limited to, the Due Process Clause of the United States Constitution.

    11. **Findings Concerning Notice**.  The Court finds that the form, content, and method of giving notice to the Class as described in Paragraph 10 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the Proposed Settlement, and their rights under the Proposed Settlement, including but not limited to their rights to object to or exclude themselves from the Proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause of the United States Constitution.  The Court further finds that all of the notices are written in simple terminology, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

6

12. **Participation in Settlement**. The Court approves the Parties' proposed Claim Form. Any Class Member who wishes to participate in the settlement shall complete a Claim Form in accordance with the instructions contained therein and submit it to the Claim Administrator no later than June 6, 2016, which will be specifically identified in the Claim Form. Such deadline may be further extended without notice to the Class by written agreement of the Parties.

13. The Claim Administrator shall have the authority to accept or reject claims in accordance with the Settlement. Any Settlement Class Member whose claim is rejected by the Settlement Administrator shall have the right to petition for review of the rejection *within 14 days of the date of such rejection*.

14. Any Class Member may enter an appearance in the Action, at his or her own expense, individually or through counsel who is qualified to appear in the jurisdiction. All Class Members who do not enter an appearance will be represented by Class Counsel.

15. **Exclusion from Settlement Class**. Any Settlement Class Member who wishes to be excluded from the Class may elect to opt out of the monetary portion of the Class Settlement, relinquishing his or her rights to monetary compensation under the Settlement Agreement. Settlement Class Members who opt out of the Settlement will not release their claims for damages that accrued during the Class Period. Settlement Class Members wishing to opt out of the Settlement must send to the Class Action Settlement Administrator by U.S. mail a personally signed letter including their name and address and providing a clear statement communicating that they elect to be excluded from the Settlement Class. Any request for exclusion or opt-out must be postmarked on or before the opt-out deadline of March 8, 2016. The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. The Class Action Settlement Administrator

7

shall forward copies of any written requests for exclusion to Class Counsel and Cumberland's Counsel. The Class Action Settlement Administrator shall file a list reflecting all requests for exclusion with the Court no later than March 25, 2016, which is more than ten (10) calendar days before the Fairness Hearing. Any potential Settlement Class Member who does not file a timely written request for exclusion shall be bound by all subsequent proceedings, orders, and judgments, ~~including~~, but not limited to, the release in the Settlement Agreement, even if he or she ~~has litigation pending or~~ subsequently initiates litigation against Cumberland relating to the claims and transactions released in this Action.

16. **Objections and Appearances**. Any Settlement Class Member or counsel hired at any Settlement Class Member's own expense who complies with the requirements of this paragraph may object to any aspect of the Proposed Settlement. Settlement Class Members may object either on their own or through an attorney retained at their own expense. ~~Any Settlement Class Member filing an objection may be required to sit for deposition regarding the objection.~~ Any Settlement Class Member who fails to comply with the provisions of this paragraph shall waive and forfeit any and all rights he or she may have to object, and shall be bound by all terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, the release in the Settlement Agreement in the Action.

    a. Any Settlement Class Member who has not filed a timely written request for exclusion and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement, the proposed Settlement, the award of Attorneys' Fees and Expenses, or the Incentive Awards to Plaintiffs, must (i) file the objection with the Court, no later than March 8, 2016; and (ii) deliver a copy of the objection to the Class Counsel and Cumberland's Counsel and to the Settlement Administrator identified in the Class Notice.

8

b. The written objection must be in writing, signed by the Settlement Class Member (and his or her attorney, if individually represented) and shall contain information, including but not limited to, address, phone number, and, if available, email address of the Settlement Class Member, sufficient to identify and contact the objecting Settlement Class Member (or his or her individually-hired attorney, if any), as well as a clear and concise statement of the Settlement Class Member's objection, the facts supporting the objection, and the legal grounds on which the objection is based. Additionally, the Settlement Class Member must identify any current or former counsel who may be entitled to compensation for any reason related to the objection. ~~The objecting Settlement Class Member shall provide a detailed list of any other objections submitted by the Settlement Class Member, or his/her counsel, to any class actions submitted in any court, whether state or otherwise, in the United States in the previous five (5) years. If the Settlement Class Member or his/her counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he/she shall affirmatively state so in the written materials provided in connection with the objection to this Settlement.~~ [struck through and initialed] Any objection shall include documents sufficient to establish the basis for the objector's standing as a Settlement Class Member, such as (i) a declaration signed by the objector under penalty of perjury, with language similar to that included in the Claim Form that the Settlement Class Member purchased at least one Stevia in the Raw Consumer Product during the Class Period; or (ii) receipt(s) reflecting such purchase(s). Class Counsel and Cumberland shall have the right to obtain reasonable discovery from any objecting class member.

c. Any Settlement Class Member, including Settlement Class Members who file and serve a written objection may appear at the Fairness Hearing, either in person or through personal counsel hired at the Settlement Class Member's expense, to object to or comment on the

9

fairness, reasonableness, or adequacy of the Settlement Agreement or proposed Settlement, or to the award of Attorneys' Fees and Expenses or the Incentive Awards to the Plaintiffs. Settlement Class Members who intend to make an appearance at the Fairness Hearing must file a Notice of Intention to Appear with the Court, listing the name, address and phone number of the attorney, if any who will appear, no later than March 22, 2016.

    d.    Class Counsel and Cumberland shall have the right to respond to any objection no later than March 30, 2016. The Party so responding shall file a copy of the response with the Court, and shall serve a copy, by regular mail, hand or overnight delivery, to the objecting Settlement Class Member or to the individually-hired attorney for the objecting Settlement Class Member; to all Class Counsel; and to Cumberland's Counsel.

17.    **Disclosures.**  The Settlement Administrator, Cumberland's Counsel, and Class Counsel shall promptly furnish to each other copies of any and all objections or written requests for exclusion that might come into their possession.

18.    **Termination of Settlement**. This Order shall become null and void and shall not prejudice the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before the Court entered this Order, if: (a) the Settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Settlement Agreement; (b) the Settlement is terminated in accordance with the Settlement Agreement; or (c) the Settlement does not become effective as required by the terms of the Settlement Agreement for any other reason. In such event, the Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's Orders, including this Order, relating to the Settlement shall be used or referred to for any purpose.

19.  **Effect of Settlement Agreement and Order.** Plaintiffs, on behalf of the Settlement Class, and Cumberland entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. This Order shall be of no force or effect if the Settlement does not become final and shall not be construed or used as an admission, concession, or declaration by or against Cumberland of any fault, wrongdoing, breach, or liability. The Settlement Agreement, the documents relating to the Settlement Agreement, and this Order are not, and should not in any event, be (a) construed, deemed, offered, or received as evidence of a presumption, concession or admission on the part of Plaintiffs, Cumberland, any member of the Settlement Class or any other person; or (b) offered or received as evidence of a presumption, concession or admission by any person of any liability, fault, or wrongdoing, or that the claims in the Action lack merit or that the relief requested is inappropriate, improper, or unavailable for any purpose in any judicial or administrative proceeding, whether in law or in equity.

20.  **Stay of Deadlines.** ~~Effective immediately, any deadlines, except any matters necessary to implement, advance, or further approval of the Settlement Agreement or settlement process, are stayed pending the Fairness Hearing and the issuance of a final order and judgment in this Action.~~ *[initialed]*

21.  ~~In addition, pending the Fairness Hearing and the issuance of a final order and judgment in this Action, all members of the Settlement Class and their legally authorized representatives are hereby preliminarily enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding or order in any jurisdiction arising out of or relating to the Stevia in the Raw Consumer Products or the facts and circumstances at issue in the Action.~~ *[initialed]*

11

22. ~~Additionally, pending the Fairness Hearing and issuance of a final order and judgment in this Action, all members of the Settlement Class and their legally authorized representatives are hereby preliminary enjoined from filing, commencing, prosecuting, or maintaining any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action in any jurisdiction), on behalf of members of the Settlement Class, if such other class action is based on or relates to Stevia in the Raw Consumer Products.~~ 

23. ~~**Continuance of Hearing**. The Court reserves the right to adjourn or continue the Fairness Hearing without further written notice.~~

24. The Court sets the following schedule for the Fairness Hearing and the actions which must precede it:

    a. Plaintiffs shall file their Motion for Final Approval of the Settlement by no later than ~~February~~ March 22, 2016.

    b. Plaintiffs shall file their Motion for Attorneys' Fees, Costs, and Expenses, and Motion for Incentive Awards by no later than ~~February~~ March 22, 2016.

    c. Settlement Class Members must file any objections to the Settlement and the Motion for Attorneys' Fees, Costs, and Expenses, and/or the Motion for Incentive Awards by no later than March 8, 2016.

    d. Settlement Class Members must exclude themselves, or opt-out, from the Settlement by no later than March 8, 2016.

    e. Settlement Class Members who intend to appear at the Final Fairness Hearing must file a Notice of Intention to Appear at the Final Fairness Hearing by no later than March 22, 2016.

    f. The Notice Administrator shall file: (a) a list of those persons who have opted out or excluded themselves from the Settlement; (b) the details outlining the scope,

methods, and results of the notice program; and (c) compliance with the obligation to give notice to each appropriate State and Federal official, as specified in 28 U.S.C. § 1715, and any other applicable statute, law, or rule, including, but not limited to, the Due Process Clause of the United States Constitution by no later than March 25, 2016.

   g. Class Counsel and Cumberland shall have the right to respond to any objection no later than March 30, 2016.

   h. The Fairness Hearing will take place on April 6, 2016 at 2:00 p.m. in the courtroom of the Honorable Roanne L. Mann, United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201.

**IT IS SO ORDERED:**

*SO ORDERED:*
/s/
*Roanne L. Mann*
*U.S. Magistrate Judge*
*Dated: 12/16/15*

DATED: _____

THE HONORABLE ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE