UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LESLIE FROHBERG et al., *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>– against –<br><br>CUMBERLAND PACKING CORP.,<br><br>Defendant. | No. 1:14-cv-00748-RLM<br><br>[PROPOSED] FINAL JUDGMENT GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT |

**ROANNE L. MANN, Chief United States Magistrate Judge:**

The Court has (1) reviewed and considered the terms and conditions of the proposed Settlement as set forth in the Settlement Agreement (Class Action Settlement Agreement, ECF No. 46-2); (2) reviewed and considered the application of Class Counsel for final approval of the Settlement, final certification of the Settlement Class, and final appointment of the class representatives and Class Counsel (Pls.' Notice Mot. & Unopposed Mot. Final Approval Settlement, ECF No. 55); (3) reviewed and considered the application of Class Counsel for an award of attorneys' fees, costs, expenses, and class-representative incentive awards (Pls. Notice Mot. & Mot. Award Att'ys' Fees & Litigation Expenses & Incentive Awards, ECF No. 56); (4) reviewed and considered Class Counsel's subsequent response in support of the foregoing motions (Pls.' Resp. Supp. Unopposed Mot. Final Approval Settlement & Mot. Award Att'ys' Fees, ECF No. 57); (5) held preliminary and final Fairness Hearings after being satisfied that notice to the Settlement Class has been provided in accordance with the Court's Order granting the motion for preliminary approval of the Settlement (Order Granting Mot. Prelim. Approval Settlement, ECF No. 54); (6) taken into account the presentations and other proceedings at the Fairness Hearings; and (7) considered the Settlement in the context of all prior proceedings in this Action.

The Court enters the following FINDINGS and CONCLUSIONS:

A. Capitalized terms that this Final Judgment uses and that this Final Judgment does not otherwise define shall have the meaning that the Settlement Agreement assigns them.

B. The Court has subject-matter jurisdiction over this Action and all acts within this Action, and personal jurisdiction over all Parties to this Action, including all members of the Settlement Class.

C. The Court's conditional certification for Settlement purposes in the Preliminary Approval Order of the Settlement Class was, and is, appropriate. Leslie Frohberg and Nancy Harding (together, the "Class Representatives") and Class Counsel have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement.

D. The notice to putative Settlement Class Members was comprised of individual direct mailed notice to known Settlement Class Members, web-based notice, press releases, a Settlement Website, and a toll-free telephone number. The Court finds this notice: (i) constituted the best notice practicable under the circumstances; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise the putative Settlement Class Members of the pendency of the Action and of their right to object and to appear at the Fairness Hearing or to exclude themselves from the Settlement; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and (iv) fully complied with due process principles and Federal Rule of Civil Procedure 23.

E. The Court has held a preliminary Fairness Hearing and a final Fairness Hearing to consider the fairness, reasonableness, and adequacy of the Settlement and has been advised that there have been no objections to the Settlement. No one has appeared in opposition to the Settlement.

F.  The Settlement is the product of good faith, arm's-length negotiations between the Class Representatives and Class Counsel, on the one hand, and Cumberland and Cumberland's Counsel, on the other hand, assisted by an experienced, professional impartial mediator, David Geronemus, Esq., and by this Court in a settlement conference.

G.  The Settlement, as provided for in the Settlement Agreement, is fair, reasonable, adequate, and proper. In reaching this conclusion, the Court considered the following nine factors set out in *City of Detroit v. Grinnell Corp.*: (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Charron v. Wiener*, 731 F.3d 241, 247 (2d Cir. 2013) (citing *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974) *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000)).



H.  In the Supplemental Affidavit of Jeffrey D. Dahl, which Plaintiffs filed in advance of the Fairness Hearing, Plaintiffs submitted to the Court a two list of the putative Settlement Class A Members who have timely elected to opt out of the Settlement and the Settlement Class and whom, as a result, the Settlement does not bind (the "Exclusion List"). (Suppl. Aff. Dahl ¶ 8, ECF No. 58.) In accordance with the Court's permanent certification below, all Settlement Class Members who did not timely elect to opt out shall permanently be subject to all provisions of the Settlement, the Settlement Agreement, and this Final Judgment, which the Clerk of the Court shall enter.

I.  The requested payment of the Parties' agreed-upon amount of $450,000 for attorneys' fees and reimbursement of litigation expenses is reasonable and warrants approval. In reaching this conclusion, the Court considered the following factors the United States Court of Appeals for the Second Circuit set out in *Goldberger v. Integrated Resources, Inc.*: (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations. *Goldberger*, 209 F.3d at 50.

J.  The requested service awards to the Class Representatives of $3,500 each, which the Parties agreed upon in the Settlement Agreement, are reasonable and warrant approval.

On the basis of the foregoing findings and conclusions, as well as the submissions and proceedings referred to above, NOW, THEREFORE, THE COURT ORDERS, ADJUDGES, AND DECREES:

1.  The Court approves the Settlement and the Settlement Agreement as fair, reasonable, and adequate, and the Court holds that the requirements of due process and Federal Rule of Civil Procedure 23 have been satisfied. The Court orders and directs the Parties to comply with the terms and provisions of the Settlement Agreement.

2.  Having found that, for settlement purposes only, each of the elements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied, the Court permanently certifies the Settlement Class pursuant to Federal Rule of Civil Procedure 23 on behalf of the following:

> All persons who, during the Class Period, both resided in the United States and purchased in the United States any of the Products for their household use or personal consumption and not for resale or distribution. Excluded from the Settlement Class are: (a) Defendant's board members, executive-level officers, and attorneys; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court staff; and (d) all persons who timely and effectively opted out, as set forth in Exhibit A.

The Court readopts and incorporates by reference the preliminary conclusions set forth in the Preliminary Approval Order with respect to whether the Settlement Class satisfies Rules 23(a) and 23(b)(3). (*See* Order Granting Mot. Prelim. Approval Settlement 2–10, ECF No. 54.)

For purposes of Settlement only, the Court certifies the Class Representatives as representatives of the Settlement Class, and the Court appoints Class Counsel as counsel for the Settlement Class. The Court concludes that the Class Representatives and Class Counsel have fairly and adequately represented the Settlement Class with respect to the Settlement and the Settlement Agreement.

3. In accordance with the Settlement Agreement, Plaintiffs, the Settlement Class Members, and each of their respective successors, assigns, legatees, heirs, and personal representatives, and all persons acting by, through, under, or on behalf of them ("Releasors"), shall and hereby do release, remise, and forever discharge Cumberland and each of its respective direct or indirect parents, wholly or majority owned subsidiaries (including but not limited to those owned in whole or in part during some or all of the Class Period), affiliated and related entities, predecessors, successors and assigns, partners, privies, and any of their present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, insurers, and all persons acting by, through, under, or in concert with them, or any of them, from any and all of the Released Claims.

4. The Court permanently enjoins the Settlement Class Members and any other Releasor from filing, commencing, prosecuting, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from, any other litigation in any State, territorial, or Federal court, or any arbitration or administrative, regulatory, or other proceeding in any jurisdiction, that asserts claims based on, or in any way related to, the Released Claims. In

addition, the Court hereby permanently enjoins the Settlement Class Members and Releasors from asserting as a defense, including as a set-off or for any other purpose, any argument that if raised as an independent claim would be a Released Claim.

5. With respect to the Released Claims, Plaintiffs and all Settlement Class Members agree that they are expressly waiving and relinquishing to the fullest extent permitted by law the provisions, rights, and benefits conferred by (a) Section 1542 of the California Civil Code, *viz.*:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

and (b) any law of any State of the United States, Federal law, or principle of common law, that is similar, comparable, or equivalent to Section 1542 of the California Civil Code.

6. The attorneys at Reese LLP and Halunen Law who prosecuted this case are skilled and experienced class action consumer protection lawyers. The Court grants Plaintiffs' request for an award of attorneys' fees and reimbursement of litigation expenses and awards Class Counsel $450,000 in attorneys' fees and expenses, which represents approximately 29% of the total amount available to the Settlement Class Members under the Settlement and ~~is less than Class Counsel's lodestar~~ was negotiated at arms-length by counsel after having reached agreement on settling the underlying claims. The fee award is justified by the work that Class Counsel did negotiating the Settlement and conducting the litigation, the ultimate recovery, and the risk that Class Counsel undertook in bringing the claims.

7. The Court finds reasonable the Incentive Awards for the Class Representatives in the amount of $3,500 each for named Plaintiffs Leslie Frohberg and Nancy Harding, in recognition of the services they rendered on behalf of the Settlement Class, as well as the risks and adverse consequences they potentially faced as a result. The Court awards the Incentive Awards to the Class Representatives.

8. The Court orders that the Action and all claims alleged therein are dismissed with prejudice.

9. Neither this Final Judgment, the Preliminary Approval Order, the Settlement Agreement, or any and all negotiations, documents, and discussions associated therewith shall be deemed or construed to be an admission or evidence of any violation of statute or law, of any liability or wrongdoing by Defendant, or of the truth of any of the claims or allegations made by Plaintiffs in any pleading or other document filed in this action.

10. Without in any way affecting the finality of this Final Judgment, this Court retains jurisdiction as to all matters relating to (a) the interpretation, administration, and consummation of the Settlement Agreement and (b) the enforcement of the injunctions that paragraph 4 of this Final Judgment imposes.

**IT IS SO ORDERED.**

Date: _____

*SO ORDERED:*
/s/
*Roanne L. Mann*
*U.S. Magistrate Judge*
*Dated:* 4/6/16

_____
Roanne L. Mann
Chief United States Magistrate Judge

7

## EXHIBIT A

Below are the names of the only two persons who have timely and effectively excluded themselves from the Settlement Class and the Settlement in *Frohberg v. Cumberland Packing Corp.*, No. 1:14-cv-00748-RLM (E.D.N.Y.):

- Brendan Peacock
- Michelle Harmon